## Case No. 1,495.

### BLAKE v. ELIZABETH.

[2 N. J. Law J. 328.]

District Court, D. New Jersey. Oct. 14, 1879.

ATTORNEY AND CLIENT — FEES AND EXPENSES — COUNSEL FEES—SERVICES ON APPEAL.

1. Counsel fees, as such, are not recoverable without express agreement, but the fees and expenses of another may be recovered, and in these expenses may be included a reasonable sum paid to counsel for his services. The amount of this sum may be determined by the jury from the circumstances of the case. Schomp v. Schenck, 11 Vroom [40 N. J. Law], 195, followed.

2. The employment of an attorney may be proved by circumstances.

3. An appeal is a new employment [of an attorney], not a part of the original engagement.

At law. This was an action of assumpsit [by Blake against the city of Elizabeth] to recover an amount claimed for services and disbursement by the plaintiff, as an attorney at law. It was tried Oct. 13, 1879, before Judge Nixon and a jury, and resulted in a verdict of $6,103.32 for the plaintiff.

Mr. Wetmore, for plaintiff.

B. Williamson, for defendant.

NIXON, District Judge, charged the jury as follows:

The plaintiff claims $5,611.40, for expenditures made and services rendered as an attorney in conducting an appeal from this court to the supreme court of the United States, in a cause in which the defendant was a party. The suit was for infringement of a patent. Certain street improvements were going on in the city of Elizabeth in the year 1870. Parties owning patents for wooden pavements were anxious to secure the adoption of their inventions by the city. Among them were Mr. Tubbs and the N. J. Wood Paving Co., who owned the Brocklebank and Trainor patent, and some questions were then raised about the validity of that patent. The N. J. Wood Paving Co. entered into contracts with the city to lay down pavements under that patent, giving a bond at the same time to indemnify the city against all damages and costs.

The American Nicholson Pavement Co. brought a suit in this court in 1870 against the city, the paving company, and Mr. Tubbs, its president, for infringement. Mr. Tubbs and the paving company retained Messrs. Keller and Blake of New York, eminent counsel, experienced in patent causes, to defend this suit, and on the death of Mr. Keller, in the progress of the suit, Mr. Blake engaged Mr. Keasbey as counsel. The suit continued for nearly four years, and resulted in October, 1874, in a decree sustaining the validity of the complainants' patent, and directing the payment of about $75,000 profits, for which all the defendants, including the city, were held responsible. [American Nicholson Pav. Co. v. Elizabeth, Case No. 309.]

At this time the paving company had become insolvent and was unable to pay Mr. Blake his fees remaining due. In 1873, before the final decree, that company, in order to secure the amount then due, and to become due, made a note and mortgage to Keller & Blake for $10,000, no part of which has been paid—the land mortgaged proving to be of little value.

After the decree, the counsel who had been defending the suit advised the city to appeal, and the common council, by resolution, determined to appeal and indemnify the necessary sureties. Mr. Blake prepared the appeal papers, sent the bond for execution, and perfected the appeal—the bond having been executed by the city. No formal express contract to employ Mr. Blake, as the attorney of the city, in conducting the appeal, is proved. It is insisted on the part of the city, that at the time of the appeal they were assured by Mr. Tubbs that the fees had been paid, or secured, and that the city would be put to no expense, and that Mr. Tubbs communicated this to Mr. Blake. But Mr. Blake denies any knowledge of such an arrangement, and shows that soon after the appeal he wrote to the city solicitor for his retaining fee, to which he received no reply. It appears that after this the city counsel was in frequent communication with Mr. Blake and Mr. Keasbey concerning the appeal, and was advised of their proceedings, and that no other counsel was employed to take charge of the appeal.

The case was argued in the supreme court in 1878, and the decree reversed in part. The court said in substance, that all three defendants had infringed, that the patent was valid, and that all were liable for damages, but that as the bill was so drawn that the plaintiff could only recover profits, and as there was no evidence that the city or Mr. Tubbs had made any profits the decree was wrong, as to them, and must stand against the paving company.

This suit is brought against the city to recover for services and expenditures as attorney in conducting this appeal. The law makes a distinction between attorney's and counsel fees, and it has lately been decided by the supreme court in this state, that counsel fees as such cannot be recovered without an express agreement. The plaintiff's bill of particulars embraces a charge of $2,500 for money paid to Mr. Keasbey, as counsel in the appeal case, and it is insisted that the importance and intricacy of the case were such as to justify this expenditure, and to make the payment of this amount for counsel fees proper and necessary in the discretion of the attorney conducting the case. Without stating the facts more fully, I will state my views of the law in my answers to the several requests to charge handed up by the counsel for the plaintiff.

As to the first request, I charge that in determining whether there was any agreement between the city of Elizabeth and the plaintiff, the jury should consider that Mr. Blake was the solicitor of record for the city, as well as of the other defendant; that the city passed resolutions authorizing the appeal; that Mr. Blake presented his bill for a retainer to the city; that the city attorney had interviews, more than once with Messrs. Blake and Keasbey in behalf of the interest of the city in the appeal, recognizing them as acting for the city; that the pecuniary interests of the city were largely involved in the appeal; and that unless Mr. Blake was acting as attorney for the city, the city had no attorney in the appeal.

As to the second request, that the burden of proof is upon the plaintiff, to satisfy the jury that the city of Elizabeth in fact employed the plaintiff to prosecute the appeal in its behalf, but the jury may infer the employment by circumstances, and if they find, that after the city, by resolution, ordered the appeal, its agents communicated with the plaintiff, in behalf of the interests of the city, or stood by while the plaintiff performed the service for the city without explaining that the city was unwilling to pay what the jury find the service to be reasonably worth to the city.

As to the third request, I charge that the statements of Mr. Tubbs to any of the officers of the city, not communicated to or assented to by Mr. Blake, are not binding on him.

The fourth, fifth, sixth and seventh requests all refer to the bond and mortgage given by N. J. Wood Paving Co. to secure a note of $10,000 for services in the suit then pending between the Nicholson Pavement Co. and the N. J. Wood Paving Co., Tubbs and this defendant. In regard to these it is sufficient to say that they were given in 1873, while the first suit was pending, and doubtless had reference to the payment of services rendered in the first suit, and, although it may have been given in excess of what was then due, there is no evidence that the plaintiff has been able to realize from it more than sufficient to pay for his services in the first suit.

As to the eighth request I charge that if the jury is satisfied from the evidence that Mr. Blake was employed by the city or its agent to conduct the appeal, and if they are also satisfied from the evidence that the matters involved were of sufficient importance to justify him in employing aid, then the employment of Mr. Keasbey was proper, and the jury must judge whether the sum paid for his services was reasonable and proper in amount.

As to the ninth request I charge that if the jury is satisfied that the attorney of the city received the notice from Mr. Blake by letter of April 5, 1875, that he demanded a retainer on the argument of the appeal, such letter was notice to the city that Mr. Blake understood that he was acting in behalf of the city; and there being no reply thereto, and the city afterwards acquiescing in Mr. Blake's proceedings and acting as attorney for the city, the city is now estopped for refusing to pay a reasonable sum for disbursements and services in the cause.

As to the tenth request I charge that the jury is the judge of the value of the services rendered, from the evidence, and where the evidence is that the charges are reasonable, and there is no conflicting testimony, the jury must be slow to set up their judgment against the evidence in the case.

As to the eleventh request I charge as requested that an appeal is a new employment, not covered by the original engagement.

As to the twelfth request I charge that, except the fee paid to Mr. Keasbey, which I charged upon in request eighth, the items are proper charges for a solicitor to make, and if the jury is satisfied that the charges are reasonable for the city to pay, they should find a verdict for the plaintiff.